UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICARDO BALDEMAR FLORES RODRIGUEZ,

Petitioner,

v.

WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY et al.,

Respondents.

No.  1:26-cv-04328-DAD-CSK (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT, DENYING MOTION TO APPOINT COUNSEL AS MOOT, AND GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*

(Doc. Nos. 1, 2, 3, 4)

On June 5, 2026, petitioner, proceeding *pro se*, filed a petition for writ of *habeas corpus*, a motion for temporary restraining order, a motion to appoint counsel, and a motion to proceed *in forma pauperis*.[1]  (Doc. Nos. 1, 2, 3, 4.)  On June 8, 2026, the court issued an order that set a briefing schedule on the motion for temporary restraining order and directed respondents to indicate whether this case is distinguishable from the circumstances addressed in several of the court's cited prior orders.  (Doc. No. 7.)  That order also directed respondents to provide

/////

---

[1]  Petitioner's application to proceed *in forma pauperis* makes the showing required by 28 U.S.C. § 1915(a)(1) and is therefore granted.

1

substantive reasons in support of any objection to this court ruling directly on the merits of the underlying petition. (*Id.*)

On June 10, 2026, respondents filed an opposition to the pending motion for temporary restraining order. (Doc. No. 8.) They argue therein that petitioner is detained pursuant to 8 U.S.C. § 1225(b) (*id.* at 1–2), an argument which the undersigned has rejected on several prior occasions. *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026). Respondents did not state any opposition to the court resolving the petition. Accordingly, the court will rule directly on the petition based upon the current briefing before it.

Based upon a review of the briefing, the court finds the following facts. Petitioner entered the United States approximately 14 years ago and has continuously resided in this country since then. (Doc. No. 1 at ¶ 23.) Petitioner alleges that he was arrested by immigration officials on or about September 13, 2025. (*Id.* at ¶ 19; Doc. No. 2 at 2.) Petitioner further alleges that he has not been afforded a bond hearing since being taken into immigration custody. (Doc. No. 1 at ¶ 2–3.) It is unclear whether petitioner has previously encountered and been released by immigration authorities.

Accordingly, the court adopts its reasoning in *Quichimbo-Jimenez v. Warden*, No. 2:26-cv-00739-DAD-EFB, 2026 WL 679378, at *1–2 (E.D. Cal. Mar. 10, 2026) and concludes that petitioner can only be detained pursuant to 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b) as respondents argue. Further, because respondents fail to identify any other statutory framework which would justify petitioner's continued detention, the court incorporates its reasoning set forth in *Cardenas v. Chestnut, et al.*, No. 1:26-cv-02073-DAD-SCR (HC), 2026 WL 785871 (E.D. Cal. Mar. 20, 2026) and *J.P.C. v. Chestnut, et al.*, 1:26-cv-02108-DAD-JDP, 2026 WL 788129 (E.D. Cal. Mar. 20, 2026) and finds that the appropriate remedy here is petitioner's immediate release from custody.

For the reasons above,

1.     Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

2

a.  Respondents are ORDERED to immediately release petitioner Ricardo Baldemar Flores Rodriguez, A-File No. 221-475-504, from respondents' custody;

b.  Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a) and its implementing regulations;

2.  Petitioner's motion for temporary restraining order (Doc. No. 2), and motion to appoint counsel (Doc. No. 3), are DENIED as having been rendered moot by the court granting the petition for writ of *habeas corpus*;

3.  Petitioner's motion to proceed *in forma pauperis* (Doc. No. 4) is GRANTED;

4.  The Clerk of the Court is directed to serve the Golden State Annex Detention Facility with a copy of this order; and

5.  The Clerk of the Court is also directed to enter judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **June 11, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3